NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-890

MACHELLE D. HARDISON

VERSUS

BUFFET PIZZA COMPANY, LLC, ET AL.

**********
ON APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,076
HONORABLE JOHN DAVIDSON, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy and James T. Genovese, Judges.

AFFIRMED.

Howard N. Nugent, Jr.
330 St. James Street
P.O. Box 1309
Alexandria, LA 71309
(318) 445-3696
COUNSEL FOR PLAINTIFF/APPELLANT:
    Machelle Hardison

Madeline J. Lee
Bolen, Parker & Brenner, Ltd.
709 Versailles Blvd.
P.O. Box 11590
Alexandria, LA 71315
(318) 445-8236
COUNSEL FOR DEFENDANT/APPELLEE:
    Imad Isa

**COOKS, Judge.**

This is an appeal by Plaintiff, Machelle Hardison, from the trial court's judgment that she failed to prove Defendant was liable for damages allegedly sustained when she bit into a small metal object while eating a slice of pizza. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2003, on her way home from work, Machelle Hardison stopped at the Super Zak's convenience store on Masonic Drive in Alexandria, Louisiana. Ms. Hardison purchased a slice of pizza, which was heated in the store, and placed in a cardboard box. The slice of pizza was sold to Ms. Hardison by Imad Isa. Ms. Hardison immediately returned to her home and sat down to eat her slice of pizza. According to Ms. Hardison, on her first bite of pizza, she bit into a metal object which caused her to crack a tooth and lose a filling.

The pizza in question was supplied and delivered frozen to Super Zak's by Buffet Pizza Company. The pizzas come frozen and sealed in plastic, and are kept in a freezer provided by Buffet Pizza Company. The pizzas are unsealed and placed into an oven supplied by Buffet Pizza Company. The pizza is removed, cut into slices and placed inside an enclosed glass warmer. When a customer purchases a slice of pizza, it is removed from the warmer with a spatula, placed into a cardboard box, and sold to the customer.

Ms. Hardison filed suit against Imad Isa, Super Zak's No. 3 Convenience Store[1], and Buffet Pizza Company claiming she was injured when she bit down into the pizza. Buffet Pizza Company was dismissed by plaintiff prior to trial. After a

---

[1] It was established at trial that Imad Isa was the President of C-Town, Inc., which was the owner of Super Zak's No. 3 convenience store.

trial on the matter, the trial court found in favor of the defendants, concluding as follows:

> [Plaintiff] did not prove by a preponderance of the evidence that the foreign object was on the pizza at the time the pizza was removed from the store. The testimony of Ms. Hardison was not sufficient to establish that the foreign object was on the pizza at the time the pizza was in the store.

Plaintiff has appealed the judgment, finding the trial court erred in concluding she failed to prove her case by a preponderance of the evidence. Defendant answered the appeal and requests attorney fees for a frivolous appeal pursuant to La.Code. Civ.P. art. 2164. For the following reasons, we affirm.

## ANALYSIS

The standard of review which we must apply in examining the factual conclusions of a trier of fact was articulated by our supreme court in *Rosell v. ESCO*, 549 So.2d 840 (La.1989), and reiterated in *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880, 882-83 (La.1993):

> A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder's determinations:
>
> 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
>
> 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> . . . .
>
> [T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one.
>
> Even if an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Rosell*

*v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. *Rosell*, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that "the reviewing court must always keep in mind that 'if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *Housley v. Cerise*, 579 So.2d 973 (La.1991) (*quoting Sistler v. Liberty Mutual Ins. Co.*, 558 So.2d 1106, 1112 (La.1990)).

We have thoroughly examined the record in these proceedings, and find a factual basis exists for the trial court's finding that Plaintiff failed to prove her case by a preponderance of the evidence.

The trial court found there was nothing in the record to establish the foreign object was on the pizza at the time the pizza was removed from the store. We agree. Ms. Hardison testified as follows:

Q. Now, Ms. Hardison, you watched [the employee] get the pizza out of the [warmer], is that correct?

A. Yes ma'am.

. . . .

Q. And, you watched 'im put it in the box?

A. Yes I did.

Q. Okay. Did you see anything, did you see the metal object on the pizza as he was doing that?

A. No, I did not.

Q. Did you see him do anything which, ah, caused you concern that he may've put it on there?

A. No ma'am.

Imad Isa testified the pizza which Ms. Hardison purchased came fully prepared and

a store employee would remove the pizza from its plastic wrapping, warm it up in the oven, and place it in a cardboard box when purchased. Ms. Hardison stated she did not notice any metal object on her pizza while in the store or before she bit into the slice. Thus, the trial court did not commit manifest error in finding plaintiff failed to prove her case by a preponderance of the evidence.

Defendant has answered the appeal and seeks attorney fees for a frivolous appeal. Louisiana Code of Civil Procedure Article 2164 provides the authority for an appellate court to award damages for the filing of a frivolous appeal. The Louisiana Supreme Court has instructed appellate courts to award damages under La.Code Civ.P. art. 2164 only when an appeal is taken for purposes of delay or an appellate counsel is not sincere in the belief of the view he or she advances on appeal. *Hampton v. Greenfield*, 618 So.2d 859 (La.1993).

Although we do not grant the relief sought by Plaintiff on appeal, we find the evidence in the record of these proceedings does not warrant an award of damages for a frivolous appeal.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**